ELIJAH H. KIMBALL, Executor, etc., of Ellen Le Roy, deceased,
v. RICHARD B. CONNOLLY, Respondent.

The county clerk is required to keep a sufficient number of competent
searchers in his office, and to certify to the correctness of the searches;
and he will be liable for all damages resulting from inaccuracies or
mistakes in his return.

But if a party bought no property, or parted with nothing, by reason of
the erroneous return, he can claim no damage therefor.

Where the damage accrued to the party from the non-payment of the
judgment, and not from a mistake in the search, the clerk will not be
liable.

APPEAL from an order of the Supreme Court, at General
Term, in the first district, reversing a judgment rendered at
the Circuit, on a trial before a justice of that court, without
a jury, and granting a new trial, with costs to abide the
event. The plaintiff, at the said trial, recovered judgment
for $474.98 damages against the said defendant, for neglect-
ing, in his official capacity, as clerk of the city and county
of New York, to return to a requisition for a search for
judgments in his office, as such clerk, against Moses Le Roy,
a certain judgment for $26.97, in favor of Nelson Smith,
against the said Moses, docketed in his office, and constitu-
ting a lien upon certain premises in the city of New York,
owned by Ellen Le Roy, deceased, of whom the plaintiff is
the executor.

It appears from the conclusions of fact, certified by the
judge who tried the action, that the judgment was docketed
in the said clerk's office, against Moses Le Roy, on the 6th
day of February, 1857, and then became a lien upon a house
and lot of land, known as No. 269 East Twelfth street, in the
city of New York, of which the said Moses was the owner;
that the said Moses conveyed the said premises to the said
Ellen Le Roy, in her life-time, on the 30th day of March,
following; and that she continued to be the owner thereof
until her death, which occurred in December, 1858. She

applied in August, 1858, to the Jefferson Insurance company for a loan of money, upon the security of the said premises; and for the purpose of an examination of her title, a lawyer was employed, to be paid by her, who was to prepare an abstract of the title for the satisfaction of the insurance company. The lawyer delivered a written requisition, in pursuance of his employment, to the defendant, in his official capacity, requiring him to search for judgments against Moses Le Roy, including the time when the said judgment became a lien; that the defendant, as such clerk, returned, on the 3d day of September, 1858, certain incumbrances, but wholly omitted to return the said judgment for $26.97, which was then a valid and subsisting lien; that the defendant was paid his fee for the said search by the said Ellen; that she obtained a loan of $4,000 from the said insurance company upon the security of a mortgage executed by her upon the said premises, and upon the faith of the certificate of the defendant, as such clerk, to the existence of such judgments only as he had returned upon the said search; that the money, as far as necessary, was applied to the satisfaction of the liens against the said premises, so returned, and there was more than sufficient to satisfy them, and also the said judgment for $26.97; that in July, 1858, Nelson Smith issued an execution on his said judgment against Moses Le Roy for 26.97, by virtue of which the said premises were sold by the sheriff of the city and county of New York, on the 8th day of September, 1858, to the said Smith as purchaser, for the sum of $60; the premises were not redeemed, and the said sheriff executed a conveyance to Smith on the 10th day of December, 1859, which passed the whole title owned by the said Moses at the time of the docketing of the judgment. The purchaser, Smith, by virtue of his title so obtained, instituted summary proceedings before a justice of the peace, and entered into full possession of the premises on the 30th day of December, 1859. The plaintiff, as the executor of the said Ellen Le Roy, who died in December, 1858, made an amicable settlement with Nelson

Smith, who conveyed the said premises to the plaintiff as executor and trustee, under the will of the said Ellen, for the consideration of $400, on the 29th of March, 1860, which was the lowest sum for which a reconveyance could be obtained, the premises then being worth $6,000. The judge also found that the plaintiff was ignorant of the judgment, and of the sheriff's sale, until Smith had obtained the title; and that the said Ellen was ignorant that the judgment *was a lien* upon the premises. The evidence shows that she knew of the existence of the judgment before Smith took any proceedings to sell the premises under his judgment and execution.

The judge found, as a conclusion of law, that the plaintiff was entitled to recover from the defendant the said sum of $400, so paid as to obtain a reconveyance, together with interest, amounting in all to the sum of $474.98, for which sum the plaintiff had judgment.

The defendant excepted to the findings of the judge, both as to the facts and the conclusion of law. The General Term of the Supreme Court, upon appeal as before stated, reversed this judgment and awarded a new trial, with costs to abide the event. The plaintiff appeals from the order of the General Term, and stipulates that, if the order be affirmed on this appeal, judgment absolute shall be rendered against him.

*R. H. Underhill*, for the appellant.

*Charles H. Glover*, for the respondent.

LEONARD, J. An act of the legislature, passed in 1853 (Session Laws, p. 265), provides that the county clerk shall have a sufficient number of competent searchers in his office; shall cause searches, when ordered, to be made without delay; shall certify to the correctness of his searches, and shall be held legally liable for all damages resulting from errors, inaccuracies or mistakes in his return. The plaintiff

insists that this statute casts upon the defendant a legal liability for the loss sustained by the estate of his testatrix.

If that loss is the direct consequence of the omission of the defendant to return the judgment against Moses Le Roy in favor of Smith, the position of the plaintiff is sound. It is impossible, however, to hold to such a conclusion. Mrs. Le Roy took no action in consequence of the omission in the clerk's return to the search. She bought no property, and parted with nothing of value by reason of the erroneous return. The insurance company might have been sub-jected to damage by the loss of the security upon which they were induced to part with their money, relying upon the accuracy of the defendant's return; but that is not the case of Mrs. Le Roy. Her loss occurred from the non-payment of the judgment, and not from the error in the clerk's return. She obtained the loan for which she applied, and nothing was abated from it on account of this incumbrance. It was no injury, of which she can complain, to have the money paid to herself on effecting the loan, instead of having some part of it applied to the satisfaction of an outstanding judgment.

However probable it may be that the judgment would have been paid off by the insurance company out of the proceeds of the loan, if it had been returned upon the search, it is impossible to declare at this time that it would have certainly been so applied. Her object in causing the search to be made was not defeated by the omission to return the judgment. She did not seek information about her title for any purpose but that of obtaining the loan. It is no ground of complaint that she was not awakened by the return to take action for the removal of this judgment. The knowledge which she would have derived from the return of it, would have been merely incidental; and it is uncertain whether the return, or the knowledge thereby acquired, would have been applied by Mrs. Le Roy to any purpose whatever. No one can say what actually would have been done, under a different state of facts from those which actually occurred. It is no answer to

say that she could, or that she might, have paid the judgment, or prevented a sale: it does not make it certain that it would have been done. The payment was not a necessary consequence of a correct return by the clerk; and, without such a direct and necessary result, to flow from his act or omission, the defendant cannot be made chargeable with damages.

The rule as to damages, under this statute, is not different from that prescribed by the common law. When the damages are uncertain, indefinite, and incapable of being fixed, as the result of an act, negligence or omission, none can be imposed. Had a different rule been contemplated by the legislature, it would have been necessary to have imposed a fixed penalty; but the statute leaves it open to such damages as flow from the error, inaccuracy or mistake of the clerk, and can be ascertained to have been actually sustained.

The order appealed from should be affirmed, with costs, and the judgment be made absolute against the plaintiff.

All the judges concurring,

Judgment accordingly.